AO 247 (Rev. 08/14) ALSD  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)

# UNITED STATES DISTRICT COURT
for the

Southern District of Alabama

| United States of America | ) | | |
|---|---|---|---|
| v. | ) | | |
| HEIDI ELIZABETH HANCOCK | ) | Case No: | 14-0199-WS |
| | ) | USM No: | |

Date of Original Judgment: August 6, 2015
Date of Previous Amended Judgment: _____
*(Use Date of Last Amended Judgment if Any)*

Defendant's Attorney

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ **DENIED.**   ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(Complete Parts I and II of Page 2 when motion is granted)*

**ADDITIONAL COMMENTS**

At a sentencing hearing held on August 5, 2015, Hancock was held accountable for 808 grams of pseudoephedrine, which is equivalent to 8,080 kilograms of marijuana for sentencing purposes, yielding a base offense level of 32. After a three-level enhancement for substantial risk of harm and a three-level reduction for acceptance of responsibility, Hancock's total offense level was 32. With her criminal history category of IV, Hancock's guideline range was 168 to 210 months. Pursuant to the Government's 5K1.1 motion for downward departure (doc. 198), the Court sentenced Hancock to a term of imprisonment of 84 months, a 50% reduction from the low end of the guideline range. Hancock now moves for modification of sentence pursuant to 18 U.S.C. 3582(c)(2) based on retroactive application of USSG Amendment 782. The problem is that Hancock has already received the full benefit of Amendment 782, which went into effect on November 1, 2014, nine months before her sentencing hearing. The calculated base offense level applied to the drug quantity at sentencing fully takes into account Amendment 782 (prior to which 8,080 kg of marijuana would have equated to a base offense level of 34, not the base offense level of 32 applied here). Therefore, Hancock is ineligible for sentencing relief under section 3582(c)(2).

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: February 11, 2016

s/ WILLIAM H. STEELE
*Judge's signature*

Effective Date: _____
*(if different from order date)*

CHIEF UNITED STATES DISTRICT JUDGE
*Printed name and title*