# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

HEIDI ELIZABETH HANCOCK, :

    Petitioner, :

                                   CIVIL ACTION NO. 16-0258-WS-

vs. :   CRIMINAL NO. 14-0199-WS

UNITED STATES OF AMERICA, :

    Respondent. :

## REPORT AND RECOMMENDATION

This cause is before the Court on Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 234), the Government's motion to dismiss (Doc. 238), and Petitioner's reply (Doc. 239). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Following consideration of all relevant pleadings, it is recommended that Hancock's § 2255 motion (Doc. 234) be denied/dismissed on the merits and that the Government's motion to dismiss (Doc. 238) be granted.

## BACKGROUND

On October 30, 2014, Hancock entered counseled guilty pleas to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846, as charged in Count 1 of the Indictment, and conspiracy to possess a List I chemical (pseudoephedrine), in violation of 21 U.S.C. § 846, as charged in Count 8 of the Indictment. (*Compare* Doc. 78 *with* Doc. 1.) Though facing a guideline range of punishment of 168 to 210 months (*see*

Doc. 182, at ¶ 83), aided by the Government's motion for downward departure (Doc. 198, at 1 ("[T]he Government moves the Court to consider a downward departure . . .[,] pursuant to Section 5K1.1 of the United States Sentencing Guidelines[,] of approximately 50 percent from the low end of the advisory guideline range[.]"); *see also* Doc. 199 (oral motion for downward departure by the Government on August 5, 2015)), Hancock was sentenced, on August 5, 2015, to concurrent terms of imprisonment of 84 months (*see* Docket Sheet), with judgment entered on August 6, 2015 (Doc. 200). Hancock filed a notice of non-appeal on August 6, 2015. (Doc. 202.)

In her motion to vacate, filed May 31, 2016 (Doc. 234), Hancock contends that in light of the holdings in *Johnson v. United States,* 135 S.Ct. 2551, 192 L.Ed.2d 569 (June 25, 2015) (finding the ACCA residual clause in § 924(e) to be unconstitutionally vague) and *Welch v. United States,* 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) (finding *Johnson* to be retroactive to cases on collateral review), she is entitled to resentencing because by applying the USSG § 2D1.1(b)(13)(C)(ii)(I) enhancement, the government "deemed this offense to be a crime of violence[.]" (*See* Doc. 234, at 2 & 4.) And after the government filed its motion to dismiss, arguing that Petitioner has no *Johnson*-based claim because she did not plead guilty to an offense under 18 U.S.C. § 922(g) and she was not sentenced under the ACCA or the career-offender provisions of the sentencing guidelines (*see* Doc. 238, at 1-2), Hancock filed a reply (on August 29, 2016) in which she agrees with the Government's representations in its motion to dismiss (Doc. 239, at 1) but maintains that the reasoning in *Johnson* applies to her sentencing enhancement claim under § 2D1.1(b)(13)(C)(ii)(I) of the United States Sentencing Guidelines (*see id.* at 1-3). Hancock argues that because *Johnson* invalidates the residual clause in the

sentencing guidelines, she should be resentenced without reference to the enhancement under § 2D1.1(b)(13)(C)(ii)(I) of the guidelines. (*See* Docs. 234 & 239.)

## CONCLUSIONS OF LAW

In *Johnson, supra,* the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), set forth in 18 U.S.C § 924(e), is unconstitutionally vague because it creates "uncertainty about how to estimate the risk posed by a crime[]" and also "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." 135 S.Ct. at 2557 & 2558; *see also id.* at 2563.[1] In this case, Hancock concedes that she was not sentenced under the ACCA,[2] the career offender provisions of the sentencing guidelines, and certainly did not plead guilty to an offense under 18 U.S.C. § 922(g) (Doc. 239, at 1 ("The government states that Ms. Hancock's claim is barred because she did not plea[d] guilty to an offense under 18 U.S.C. § 922(g), and after review of her presentence investigation report it conf[i]rmed that she was not sentenced under the ACCA or the career offenders['] provisions. **Ms. Hancock[] is not argu[]ing this stated fact**[.]" (emphasis supplied))); instead, she maintains that the logical conclusion from *Johnson* is that it invalidates the residual clause in the sentencing guidelines and, therefore, she should be resentenced without reference to any enhancement under the guidelines, in particular § 2D1.1(b)(13)(C)(ii)(I).

---

[1] As previously referenced, *Johnson* was determined to be retroactive to cases on collateral review in *Welch v. United States,* 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

[2] As an aside, the Supreme Court in *Johnson* said nothing about "serious drug offenses," which remain a valid basis for ACCA enhancements. *See* 134 S.Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

In *Beckles v. United States,* 137 S.Ct. 886, 197 L.Ed.2d 145 (2017), the United States Supreme Court held that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause," 137 S.Ct. at 890; *see also id.* at 892 ("Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to vagueness challenges under the Due Process Clause."), and, therefore, rejected the Petitioner's specific argument, based on *Johnson, supra,* that the residual clause in § 4B1.2(a)(2) of the advisory Guidelines is void for vagueness, *compare id. with id.* 890. Of course, long before the Supreme Court decided *Beckles*, the Eleventh Circuit held that *Johnson* does not invalidate the residual clause in the sentencing guidelines, U.S.S.G. § 4B1.2(a)(2), *United States v. Matchett,* 802 F.3d 1185, 1193-96 (2015), *reh'g denied*, 837 F.3d 1118 (11th Cir. 2016) (en banc), *cert. denied,* 137 S.Ct. 1344, 197 L.Ed.2d 532 (2017), and subsequently held that "**nothing in Johnson precludes the application of the offense level increases or enhancements in the advisory sentencing guidelines**." *United States v. Kirk,* 636 Fed.Appx. 548, 550 (11th Cir. Jan. 28, 2016) (emphasis added). Thus, it is clear to the undersigned that, on its merits, Hancock's *Johnson* claim challenging the § 2D1.1(b)(13)(C)(ii)(I) enhancement to her sentence under the advisory Guidelines is foreclosed by *Beckles, Matchett,* and *Kirk*. Accordingly, Hancock's motion to vacate (Doc. 234) is due to be **DENIED/DISMISSED** and the Government's motion to dismiss (Doc. 238) is due to be **GRANTED**.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of her habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on the merits of Petitioner's *Johnson* claim, a COA should issue only when the Petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[,]" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see also id.* at 483-484, 120 S.Ct. at 1603-1604 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"); *see Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Given the holdings in *Beckles, Matchett,* and

*Kirk*, *supra*, it is recommended that the Court find that reasonable jurists could not debate whether Hancock's § 2255 habeas petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. Accordingly, Petitioner is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-00165-WS-C, Doc. 14 (order from Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that the instant motion to vacate (Doc. 234) be **DENIED/DISMISSED** because Petitioner's *Johnson* claim is foreclosed by *Beckles, Matchett,* and *Kirk*; therefore, the Government's motion to dismiss (Doc. 238) is due to be **GRANTED**. Hancock is not entitled to a certificate of appealability and, therefore, she is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 16th day of February, 2018.

    s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**